837 So.2d 584 (2003)
Michael Terrance DYKE, Appellant,
v.
Ann Doreen DYKE, et al., Appellee.
No. 5D01-2183.
District Court of Appeal of Florida, Fifth District.
February 14, 2003.
*585 Michael B. Swindle, Winter Park, for Appellant.
Linda Logan Bryan of Miller, Shine & Bryan, P.L., St. Augustine, for Appellee.
ORFINGER, J.
The former husband, Michael Terrance Dyke, appeals the trial court's order denying his motion to set aside a final judgment of dissolution of marriage filed pursuant to Florida Family Law Rule of Procedure 12.540. We affirm.
Dyke and his former wife, Ann Doreen Dyke, began dissolution proceedings in 1995 when the former wife filed a petition for dissolution of marriage. Although hospitalized in a psychiatric facility at the time he was served with the dissolution papers, the former husband retained counsel and filed an answer and counterclaim for dissolution, alimony, equitable distribution, and a partition of the parties' real and personal property. At the time of the final hearing in March, 1997, the former husband was again hospitalized in a psychiatric facility in England. As a result, he did not attend the final hearing and was not represented because his counsel had previously withdrawn. A final judgment of dissolution was entered in April, 1997, awarding to the former wife what the former husband now contends was substantially all of the parties' property.
More than three years after the final judgment was entered, the former husband filed a motion to set the judgment aside, alleging fraud. He further alleged that the former wife's failure to file the financial affidavit required by Florida Family Law Rule of Procedure 12.285(d)(1), rendered the final judgment void. The trial court dismissed as untimely the former husband's allegations of fraud and concluded that the failure of a party to file a financial affidavit in a dissolution proceeding did not deprive the court of jurisdiction to consider the dissolution petition, thereby rendering the judgment void. We agree.
Rule 12.540 provides that Florida Rule of Civil Procedure 1.540 governs proceedings seeking relief from judgments, decrees, or orders in family law proceedings. Rule 1.540(b) provides:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, *586 or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.

(emphasis added). However, unlike rule 1.540, rule 12.540 provides that there is no time limit on actions seeking to set aside a judgment in a family case when the basis is alleged to be a fraudulent financial affidavit.[1]
The former wife argues that the former husband's motion to set aside is untimely based on the one-year limitation period set forth in rule 1.540. The former husband argues that because rule 1.540 "does not limit the power of a court to entertain an independent action or to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud on the court," there is no limitation on when an action, such as his, can be filed.
We believe that any action seeking relief from a final judgment based on fraud, if older than one year, must be brought as an independent action. As the court observed in Gordon v. Gordon, 625 So.2d 59, 63-64 (Fla. 4th DCA 1993):
There is language in the supreme court's opinion [DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984)] that admittedly might lead one to believe that a motion under the rule [(1.540)], rather than an independent action, alleging extrinsic fraud on the court might properly be filed more than one year after the entry of judgment. We do not think that is what the court meant in DeClaire, however. Properly understood, we think the court has construed the rule to require that all frauds on the court older than one year must be brought as an independent action, and not by motion in the original action.
Accord Mocegui v. Public Serv. Mut. Ins. Co., 821 So.2d 1189 (Fla. 3d DCA 2002) (trial court lacked jurisdiction to set aside a judgment under Rule 1.540(b) more than one year after the judgment was entered). We agree with Gordon and Mocegui. We believe the supreme court made clear in DeClaire v. Yohanan, 453 So.2d 375, 378 (Fla.1984), that relief from judgment based on "any type of fraud" must be sought within one year after entry of the judgment under Rule 1.540(b). We hold, as did the court in Gordon, that all frauds on the court older than one year must be brought as an independent action and not by motion in the original action.[2] Because the former husband has filed such an independent action, he has an available forum to consider his allegations of fraud.[3]
Finally, the former husband argues that the former wife's failure to file the financial affidavit required by Florida Family Rule of Procedure 12.285(d)(1) renders *587 the judgment void. That argument is premised on the notion that the failure to file a financial affidavit is akin to filing a fraudulent affidavit. Accepting that view would "negatively impact the finality of judgments.... [S]uch an expansion ... is contrary to the public policy favoring the termination of litigation after trial and appeal of the court's judgment." Cerniglia v. Cerniglia, 679 So.2d 1160, 1164 (Fla. 1996). While it may have been error for the court to proceed without a financial affidavit from the former wife, we conclude that the lack of such an affidavit does not deprive the trial court of jurisdiction and that any error was waived by the failure of the husband to object at the time of the final hearing.[4]See Vaccaro v. Vaccaro, 677 So.2d 918 (Fla. 5th DCA 1996). Accordingly, we affirm the trial court's order without prejudice to the former husband's independent action seeking relief from the judgment.
AFFIRMED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] Rule 12.540 states:

Florida Rule of Civil Procedure 1.540 shall govern general provisions concerning relief from judgment, decrees, or orders, except that there shall be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases.
[2] An exception to the one-year limit would be an action based on a fraudulent financial affidavit. Fla. Fam. L.R.P. 12.540.
[3] See Anderson v. Anderson, No. 00-59, ___ So.2d ___, 2003 WL 60544 (Fla. Jan. 9, 2003) (recognizing the one year window provided by rule 1.540 for filing motions for relief from judgment based on allegations of fraud).
[4] The original dissolution proceedings were handled by a predecessor judge.