**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 22-12801

Non-Argument Calendar

————————————

MICHAEL TRAMEL,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cv-01071-MMH-MCR

————————————

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Tramel appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. section 2254. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Tramel's half-brother was shot and killed. At the funeral, in front of his family, Tramel got into a fight with Johnathan Key because Key had not returned Tramel's calls for help to find his brother's killer. The family members who saw the fight each had a slightly different account of how it unfolded. But one thing they all agreed on was that the fight ended with Tramel stabbing Key.

### Trial

On August 13, 2012, the State of Florida charged Tramel by information with aggravated battery with a deadly weapon. He was arraigned on August 29, 2012, and counsel was appointed. The case was set for trial on December 10, 2012.

But, near the start of November, Tramel's counsel had to withdraw and new counsel was appointed to Tramel's case. And then, on November 30, 2012, the state served additional discovery, including medical records of the victim and jailhouse call recordings of Tramel. On December 7, 2012, Tramel's new counsel moved to continue the jury trial because of the new discovery and because depositions had not yet been completed. The state trial court granted the continuance motion.

The next month, Tramel's counsel filed a notice of expiration of speedy trial under Florida Rule of Criminal Procedure 3.191.

But the state trial court struck the notice, finding that Tramel waived the right to speedy trial when he moved for a continuance. At the same time, the state amended the information to charge Tramel with attempted first-degree murder and aggravated battery with a deadly weapon.

Jury selection began on January 22, 2013. Tramel confirmed that he wanted to proceed to trial even though all the witnesses had not yet been deposed by counsel.

On January 23, 2013, Tramel filed a motion to dismiss based on Florida's Stand Your Ground statute. After an evidentiary hearing, the state trial court denied the motion.

Finally, on March 14, 2013, Tramel was tried and convicted of attempted second-degree murder (a lesser-included offense) and aggravated battery with a deadly weapon. The state trial court sentenced him to eleven years in prison followed by one year of probation.

*Direct Appeal*

On direct appeal, Tramel argued "that the jury instructions regarding the duty to retreat were fundamentally erroneous." The state appellate court rejected that argument and affirmed based on *State v. Floyd*, 186 So. 3d 1013 (Fla. 2016). In *Floyd*, the Florida Supreme Court held that the standard jury instruction for the duty to retreat correctly stated the law and was not "confusing, misleading,

4                     Opinion of the Court                    22-12801

or contradictory with regard to the duty to retreat where there is a question of fact as to who was the initial aggressor." *Id.* at 1023.

*State Postconviction Motion*

After his conviction became final, Tramel moved for post-conviction relief. Five claims in his motion are relevant here. First, Tramel claimed that his trial counsel was ineffective for failing to object to the state's misconduct and seek Tramel's pretrial discharge based on violations of Tramel's constitutional rights (ground one). Second, Tramel alleged that his trial counsel was ineffective for failing to challenge adequately the violation of his speedy trial rights (ground two). Third, Tramel argued that his trial counsel was ineffective for failing to investigate witnesses, suppress evidence, and impeach the state's witnesses (ground six). Fourth, Tramel asserted that his trial counsel was ineffective for failing to object to the amended information on double jeopardy grounds (ground seven). And fifth, Tramel claimed that his trial counsel was ineffective for failing to request relevant jury instructions and object to inapplicable ones (ground nine).

The state postconviction court denied Tramel's motion. As to ground one, the court read Tramel's motion as alleging trial counsel was ineffective for failing to object "to his bond; to his not being charged timely; to the court allowing perjured testimony; to the sufficiency of the evidence; to his failure to have twelve jurors and to the state misrepresenting facts in closing." Trial counsel was not ineffective, the state postconviction court concluded, because "the record reflect[ed] that at all times pertinent counsel filed the

appropriate motion to address these issues", and "counsel did object in closing and was overruled."

As to ground two, the state postconviction court explained that, because "counsel needed more time to depose all the witnesses[,] the trial could not be held within the speedy trial time and counsel was forced to move for a continuance." Even so, "despite counsel not having been able to depose some state witnesses," Tramel "wanted to proceed to trial."

As to ground six, the state postconviction court found that: trial counsel "contacted all his witnesses"; any suppression motion would have been meritless; Tramel did not allege the names of witnesses trial counsel should have called to testify at trial, the substance of their testimony, and how the lack of testimony prejudiced the outcome of the trial; and trial counsel "did in fact impeach" the state's witness. As to ground seven, the state postconviction court concluded that trial counsel was not ineffective "for failing to raise a meritless argument or motion." And as to ground nine, the state postconviction court ruled that trial counsel was not ineffective because the transcript and record showed that the jury was given the instruction the evidence supported.

*Federal Habeas Petition*

Tramel then petitioned the district court for federal habeas relief under section 2254 and raised the same five grounds. The district court denied the petition, explaining, as to ground one, that, "to the extent Tramel argue[d] that the cumulative impact of his

trial counsel's errors prejudiced him at trial, his claim [was] due to be denied" because "all [his] individual claims [were] meritless."

As to ground two, the district court ruled that "the record support[ed] the postconviction court's conclusion" because trial counsel "received supplemental discovery from the [s]tate on November 30th, and he needed to review the discovery and prepare for its use at trial." "It was . . . not unreasonable for counsel to" move for a continuance "given the significance of the November 30th discovery and his recent appointment to the case at that time." In any event, Tramel was not prejudiced by the continuance because it "allowed counsel to file a motion to dismiss pursuant to Stand Your Ground."

As to ground six, the district court found that "[t]he record demonstrates Tramel insisted on proceeding with a trial despite the trial court and counsel advising him that the defense had not completed depositions." "In the months before trial, Tramel prioritized proceeding with a trial in an expeditious manner over obtaining additional discovery." The record also "reflect[ed] that during trial, counsel extensively cross-examined" the state's witness, and "impeached him." Trial counsel also objected to the motive testimony during trial, and was overruled by the state trial court.

As to ground seven, the district court determined that the ineffectiveness claim was "without merit" because "[c]onvictions for attempted second-degree murder and aggravated battery with a deadly weapon do not violate double jeopardy." "[A]ttempted murder requires proof of an element that aggravated battery with

a deadly weapon does not." Finally, as to ground nine, the district court concluded that the jury instructions adequately and correctly explained the duty to retreat.

The district court denied a certificate of appealability. But we granted one on five issues:

> (1) Whether the district court erred by denying [g]round [o]ne because none of the alleged errors rendered Tramel's trial "fundamentally unfair"?

> (2) Whether the district court erred in denying [g]round [t]wo by declining to consider each of the reasons for delay identified by Tramel, and by concluding that Tramel was not prejudiced by any delay without discussing the effect a delayed trial could have had on potential defense witnesses?

> (3) Whether the district court erred under *Clisby v. Jones*, 960 F.2d 925, 936, 938 (11th Cir. 1992) (en banc), by denying [g]round [s]ix without addressing whether counsel was ineffective for (1) failing to cross-examine Angelina Key about discrepancies between her deposition and trial testimony; and (2) failing to argue that the state violated *Giglio v. United States*, 405 U.S. 150, 154–55 (1972), by putting on perjured testimony; and (3) failing to address whether counsel effectively deposed witnesses, including by waiving Tramel's right to be present?

(4) Whether the district court violated *Clisby* [in ground seven] by declining to address whether the state violated the Double Jeopardy Clause by amending the information to include new charges based on the same circumstances?

(5) Whether the district court erred in holding that Tramel's arguments in [g]round [n]ine were foreclosed by the Florida Supreme Court's holding in *State v. Floyd*, 186 So. 3d 1013 (Fla. 2016)?

## STANDARD OF REVIEW

"We review de novo the district court's denial of a 28 U.S.C. [section] 2254 petition." *Smith v. Comm'r, Ala. Dep't of Corr.*, 924 F.3d 1330, 1336 (11th Cir. 2019) (citation omitted). But our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Mendoza v. Sec'y, Fla. Dep't of Corr.*, 761 F.3d 1213, 1234 (11th Cir. 2014). Under AEDPA, we must affirm the state court's decision unless that decision was: (1) "'contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States,'" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." *Id.* at 1235 (quoting 28 U.S.C. § 2254(d)).

"An unreasonable application of clearly established federal law occurs when the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case." *Terrell v. GDCP Warden*, 744 F.3d 1255, 1261 (11th Cir.

2014) (internal quotation marks omitted) (alterations adopted). "To meet the 'unreasonable application' standard, 'a prisoner must show far more than that the state court's decision was merely wrong or even clear error.'" *Guardado v. Sec'y, Fla. Dep't of Corr.*, 112 F.4th 958, 983 (11th Cir. 2024) (internal quotation marks and citations omitted). Instead, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law *beyond any possibility for fairminded disagreement*." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (emphasis added). In making this determination, "we review the last state-court adjudication on the merits." *Sears v. Warden GDCP*, 73 F.4th 1269, 1280 (11th Cir. 2023) (internal quotation marks and citation omitted).

Finally, "we review de novo the legal question of whether the district court violated the rule announced in *Clisby*." *Dupree v. Warden*, 715 F.3d 1295, 1299–1300 (11th Cir. 2013).

## DISCUSSION

Tramel raises five arguments on appeal—one for each ground. As to ground one, he argues that cumulative trial court errors deprived him of his Sixth Amendment right to a fair trial. As to ground two, Tramel contends that trial counsel was ineffective by failing to challenge the violation of Tramel's right to speedy trial. As to ground six, Tramel asserts that the district court made a *Clisby* error by failing to address whether counsel was ineffective for errors in the cross-examination and deposition of witnesses. As

to ground seven, Tramel maintains that the district court made another *Clisby* error by failing to address whether the state violated the Double Jeopardy Clause by amending the information to include new charges based on the same circumstances. And as to ground nine, Tramel argues that trial counsel was ineffective when he failed to ensure that the jury instructions on Florida's Stand Your Ground statute, attempted manslaughter, and justifiable homicide were consistent with the law and evidence at trial.

### Ground One

As to ground one, Tramel argues that cumulative trial court errors deprived him of his Sixth Amendment right to a fair trial.[1] Tramel claims that: (1) the state attempted to suppress the favorable testimony of witness Latoria Beckett; (2) the trial court refused to allow Tramel to use medical records to refute the state's claims regarding Key's injuries; (3) the trial court was biased against Tramel and prohibited him from being tried by a twelve-person jury; and (4) the state engaged in prosecutorial misconduct during

---

[1] We have expressed doubt as to whether a cumulative-error claim is cognizable for federal habeas relief, but we need not decide the issue today since Tramel's claim would fail on the merits. *See Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 & n.3 (11th Cir. 2012) ("We need not determine today whether, under the current state of Supreme Court precedent, cumulative error claims reviewed through the lens of AEDPA can ever succeed in showing that the state court's decision on the merits was contrary to or an unreasonable application of clearly established law.").

its closing argument by misrepresenting facts and using rhetoric to inflame the jury.

"The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir.2005) (internal quotation marks omitted), *abrogated on other grounds by Davis v. Washington*, 547 U.S. 813 (2006). We address cumulative-error claims "by first considering the validity of each claim individually, and then examining any errors that we find in the aggregate and in light of the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial." *Morris*, 677 F.3d at 1132 (citation omitted).

First, Tramel did not specifically allege that the state attempted to suppress Beckett's testimony in his section 2254 petition. In fact, his section 2254 petition does not mention Beckett. So, we do not have to address that part of Tramel's claim. *See Mayle v. Felix*, 545 U.S. 644, 655–56, (2005) (explaining that habeas corpus pleading requirements are "more demanding" than ordinary civil pleading requirements and a petition "must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground'" (citing Habeas Corpus Rule 2(c))).

Second, Tramel made only a "passing reference" to his argument about the medical records, devoting a single sentence in his brief to argue that the state trial court "would not allow [him] to use the medical records to refute the [s]tate's false claim that the

injuries were life-threatening." And he did not cite any law or portion of the record to support his argument. So, this part of Tramel's claim is not properly preserved for our review. *See Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1300 n.10 (11th Cir. 2014) ("Bates did include a single citation to *Lockett* in his appellate brief, but that passing reference is not enough to preserve the issue for appellate review.").

Third, Tramel did not argue in his section 2254 petition that the trial court was biased against him and prohibited him from being tried by a twelve-person jury. So, similar to the suppressed testimony claim, Tramel did not specifically allege this part of his claim. *See Mayle*, 545 U.S. at 655–56. But even if he had, the state trial court's decision was not contrary to, or an unreasonable application of, federal law because the Supreme Court has held that a six-person jury is constitutional. *See Williams v. Florida*, 399 U.S. 78, 103 (1970).

Fourth, Tramel arguably abandoned his prosecutorial misconduct claim as well because he did not identify any allegedly improper comment made by the state. *Bates*, 768 F.3d at 1300 n.10. But even if he hadn't, the state trial court's decision was not contrary to, or an unreasonable application of, federal law because the closing argument would have had to contain comments that could be considered as "so infect[ing] the trial with unfairness as to make the resulting conviction a denial of due process." *See Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1291 (11th Cir. 2012) (internal quotation marks and citation omitted). Here, the record does not

reflect that the state's comments were improper, let alone that they met the high bar for a due process violation.  *See id.*

Ultimately, there were no errors, much less cumulative errors.  "This Court has made clear that where '[t]here [is] no error in any of the [trial] court's rulings, the argument that cumulative trial error requires that this Court reverse [the defendant's] convictions is without merit.'"  *Morris*, 677 F.3d at 1132 (quoting *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005)) (alterations in original).

## Ground Two

As to ground two, Tramel contends that trial counsel was ineffective by failing to challenge the violation of Tramel's right to speedy trial.  And the district court erred in denying his argument without addressing prejudice.

To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Counsel's performance is considered deficient if it was objectively unreasonable "under prevailing professional norms."  *Id.* at 688.  The prejudice prong requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Under *Strickland*, a defendant must prove both the deficient performance and prejudice prongs. *Id.* at 687. But "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both [prongs] of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Therefore, if the court determines that counsel was not deficient, it does not have to discuss whether the defendant was prejudiced. *See id.*

Because "the standards created by *Strickland* and [section] 2254(d) are both highly deferential, . . . when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation marks and citations omitted). Thus, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether [that determination] was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks omitted). And if there is "any reasonable argument that counsel satisfied *Strickland*'s deferential standard," then a federal court may not disturb a state court's decision denying the claim. *Richter*, 562 U.S. at 105.

In denying his post-conviction claim, the state court explained:

> It [wa]s clear from the record and his motion that counsel was not prepared for the trial of this magnitude within the speedy trial time. Counsel filed a [n]otice of [e]xpiration however, as counsel needed more time to depose all the witnesses the trial could

not be held within the speedy trial time and counsel
was forced to move for a continuance.

That decision was not contrary to, or involved the unrea-
sonable application of, clearly established federal law.  Under Flor-
ida law, "an attorney may waive speedy trial without consulting
the client and even against the client's wishes."  *McKenzie v. State*,
153 So. 3d 867, 875 (Fla. 2014) (citations omitted).  Because trial
counsel was new to the case, the state supplemented its discovery
response with new information—including with more than twenty
hours of jailhouse telephone calls wherein Tramel made "state-
ments . . . placing himself at [the] scene of [the] offense, arming
himself, admitting use of [a] knife on [the] victim, [and] various at-
tempts to persuade [and] coerce" witnesses—and neither party had
completed depositions, it was not unreasonable for the state post-
conviction court to determine that trial counsel was not deficient
for asking for more time to prepare for trial.  And because the state
trial court's deficiency finding was not unreasonable, there was no
need to discuss the prejudice prong.  *Strickland*, 466 U.S. at 697.

### Ground Six

As to ground six, Tramel asserts that the district court made
a *Clisby* error by failing to address whether counsel was ineffective
for:  (1) failing to cross-examine Angelina Key about discrepancies
between her deposition and trial testimony; (2) failing to argue that
the state violated *Giglio* by putting on perjured testimony; and

(3) failing to address whether trial counsel effectively deposed witnesses, including by waiving Tramel's right to be present.

In *Clisby*, we held that district courts must resolve all claims for relief that are raised in a section 2254 petition.  960 F.2d at 936.  If a district court fails to consider a claim raised on collateral review, we will vacate the decision without prejudice and remand to allow the district court to consider the claim.  *Id*. at 938.  That said, petitioners must present their claims in clear, simple language so district courts do not misunderstand them.  *Dupree*, 715 F.3d at 1299.  *Clisby* errors do not occur when a petitioner fails to clearly present the claim to a district court.  *Barritt v. Sec'y, Fla. Dep't of Corr*., 968 F.3d 1246, 1251 (11th Cir. 2020).

Here, the district court did not make a *Clisby* error.  First, Tramel's federal habeas petition did not claim that trial counsel failed to cross-examine Angelina Key.  Instead, he only referenced Angelina as one of three witnesses whose testimony—had it not been for trial counsel's failure to depose other witnesses—would have been called into question by other defense witnesses.

Second, Tramel did not present a *Giglio* claim in his federal habeas petition.  Tramel only speculated that depositions would have brought out contradictions between witnesses, but he did not claim that the state knowingly used perjured testimony.  *See United States v. Vallejo*, 297 F.3d 1154, 1163-64 (11th Cir. 2002) (For a *Giglio* claim, "the defendant must demonstrate that the prosecutor knowingly used perjured testimony, or failed to correct what he

subsequently learned was false testimony, and that the falsehood was material." (internal quotation marks omitted)).

Third, Tramel's claim that trial counsel erred by failing to ensure his presence at deposition was hidden within his general claim that counsel failed to act reasonably. Because this part of the claim was not clearly presented, the district court did not commit a *Clisby* error when it failed to address it. *See Barritt,* 968 F.3d at 1251.

*Ground Seven*

As to ground seven, Tramel maintains that the district court made a *Clisby* error by failing to address whether the state violated the Double Jeopardy Clause by amending the information to include new charges based on the same circumstances.

The Double Jeopardy Clause of the Fifth Amendment protects a defendant against successive prosecutions for the same criminal offense, providing that no person may "be twice put in jeopardy of life or limb." U.S. Const. amend. V. To decide whether two offenses are the same, the Supreme Court established a test in *Blockburger v. United States,* which provides that there is no Double Jeopardy Clause violation when each crime requires proof of an additional element that the other does not require. *See* 284 U.S. 299, 304 (1932).

Florida has statutorily adopted the *Blockburger* test. Fla. Stat. § 775.021(4). Further, Florida law provides that "[t]he intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction"

with an exception being "[o]ffenses which are degrees of the same offense as provided by statute." Fla. Stat. § 775.021(4)(b)(2). Florida law also recognizes the merger doctrine which is "a principle of statutory construction . . . designed to generally prevent the government from charging felony murder when the underlying felony was assault." *Raja v. State*, 317 So. 3d 139, 146 (Fla. Dist. Ct. App. 2021) (citation omitted).

Here, the district court did not commit a *Clisby* error because it properly applied the *Blockburger* test to Tramel's claim. Citing to *United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir. 2017) and *Schirmer v. State*, 837 So. 2d 586, 589 (Fla. Dist. Ct. App. 2003), the district court explained that convictions for attempted second degree murder and aggravated battery with a deadly weapon do not violate the Double Jeopardy Clause under the *Blockburger* test.

"[T]he elements for aggravated battery are: 1) the defendant committed a battery against a victim, and 2) in committing the battery, the defendant intentionally or knowingly caused great bodily harm, permanent disability or permanent disfigurement to the victim or used a deadly weapon." *Schirmer*, 837 So. 2d at 589. "[M]urder entails bodily injury" but "is not a necessary component of attempted murder." *Id.* "And, attempted second degree murder requires proof of an act which could have resulted in death-an element not required for aggravated battery." *Id.* Because the two offenses were separate under *Blockburger*, the district court did not have to discuss the degree variance test. And because Tramel was not convicted of felony murder, the merger doctrine did not apply.

*Ground Nine*

Finally, as to ground nine, Tramel argues that trial counsel was ineffective when he failed to ensure that the jury instructions for the Stand Your Ground defense, attempted manslaughter, and justifiable homicide, were consistent with the law and evidence at trial.

"[A]lthough the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension, we must defer to the state's construction of its own law when the validity of the claim that [trial] counsel failed to raise turns on state law." *Pinkney v. Sec'y, Dep't of Corrs.*, 876 F.3d 1290, 1295 (11th Cir. 2017) (internal quotation marks and citation omitted). Where the Florida courts "already ha[ve] told us how the issues would have been resolved under Florida state law had [trial counsel] done what [the petitioner] argues he should have done . . . federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y, Dep't of Corrs.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) (internal quotation marks omitted).

In *Floyd*, the Florida Supreme Court addressed the question whether Florida's jury instructions regarding the justifiable use of deadly force and the duty to retreat were "confusing, contradictory, or misleading." *Floyd*, 186 So. 3d at 1019. The *Floyd* court explained that the instructions properly described Florida's duty to retreat and the right to stand your ground and use deadly force. *Id.* at 1020–21. The jury instructions, the court concluded, were

proper and not confusing because they correctly guided the jury on the relevant law. *Id.* at 1022.

The district court did not err in denying Tramel's jury instruction claim because it was foreclosed by *Floyd* as a matter of state law. *Floyd* established that Florida's instructions on the justifiable use of deadly force and the duty to retreat were proper and not confusing or misleading. So, trial counsel could not have been ineffective in failing to object to the jury instructions.

## CONCLUSION

In short, the district court did not err in denying Tramel's federal habeas petition. We affirm.

**AFFIRMED.**